Rachel F. Preiser (RFP 7953)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278
(212)264-0300



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X
**CELESTE J. MATTINA, Regional Director,**
**Region 2, National Labor Relations Board,**
**for and on Behalf of the NATIONAL**
**LABOR RELATIONS BOARD,**

**JUDGE LYNCH**

Petitioner,

**08 CV. 1808**
08 Civ.

-against-

**C & W CLEANING SERVICE, INC.,**

J. _____

Respondent.

ECF
------------------------------------------X

### PETITION FOR TEMPORARY INJUNCTION UNDER
### SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT

Comes now Celeste J. Mattina, Regional Director for Region 2 of the National Labor Relations Board, herein called the Board, and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, herein called the Act, (61 Stat. 149), 29 U.S.C. Sec. 160(j), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on the Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 2-CA-38343, alleging that C & W Cleaning Service, Inc., herein also referred to as Respondent or the Employer, has engaged in and is engaging in unfair labor practices in violation of, *inter alia*, Section 8(a)(1), (3) and

(5) of the Act.   In support thereof, Petitioner respectfully shows the following:

1.    Petitioner is the Regional Director of Region 2 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2.    Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act, 29 U.S.C. § 160(j).

3.    On July 9, 2007, the Service Employees International Union, Local 32BJ, herein called Local 32BJ, the Union, or the Charging Party, filed the charge in Case No. 2-CA-38434.   This charge, as amended on August 2, 2007 and September 25, 2007, alleges in pertinent part that Respondent violated Section 8(a)(1), (3) and (5) of the Act by:    (i) refusing to hire incumbent, Union-represented cleaning workers at the City of New York Human Resources Administration offices located at 330 West 34th Street in Manhattan in order to avoid its successorship obligations; (ii) refusing to recognize and bargain with the Union; and (iii) and unilaterally implementing changes to employees' terms and conditions of employment. Copies of these charges, together with their respective affidavits of service, are part of the record of the unfair labor practice hearing held in this matter before Administrative Law Judge Eleanor MacDonald on February 8 and 11, 2008, at General Counsel Exhibit 1(a)-1(f). The transcript and exhibits of that hearing are attached to this petition as Exhibit A.

4.    (a)    The aforesaid charge was referred to the Regional Director of Region 2 of the Board.  Following an investigation of the allegations, the General Counsel of the Board, by the Regional Director, issued a Complaint and Notice of Hearing in Case No. 2-CA-38343 on about November 30, 2007.  Copies of the Complaint and Notice of Hearing and its respective affidavit of service are included as General Counsel Exhibits 1(g) and (h) of Exhibit A.

(b)    On or about December 14, 2007, Respondent, by its Counsel, filed an Answer to the Complaint and Notice of Hearing that issued on November 30, 2007.  A copy of the Answer is included at General Counsel Exhibit 1(k) of Exhibit A.

(c)    An Amended Complaint and Notice of Hearing was issued on January 22, 2008.  Copies of the Amended Complaint and Notice of Hearing and its respective affidavit of service are included as General Counsel Exhibits 1(l) and (m) of Exhibit A.

(d)    On February 4, 2008, Respondent, by its Counsel, filed an Answer to the Amended Complaint and Notice of Hearing that issued on January 22, 2008.  A copy of the Answer is included as General Counsel Exhibit 1(p) of Exhibit A.

5.    On February 8 and 11, 2008, a hearing regarding the allegations of the Amended Complaint was held before Administrative Law Judge Eleanor MacDonald.  Petitioner and Respondent were given the opportunity to and did (i) present testimony and other evidence and (ii) cross-examine witnesses.  A

copy of the transcript from and the exhibits adduced during the hearing are attached hereto as Exhibit A.

6. Based upon the evidence adduced during the unfair labor practice hearing described above in paragraph 5, Petitioner has reasonable cause to believe that the pertinent allegations contained in the Amended Complaint are true and that Respondent has committed serious violations of Section 8(a)(1), (3) and (5) of the Act which require the remedy sought herein. More particularly, Petitioner alleges:

(a) At all material times, Respondent, a domestic corporation with an office and place of business located at 309 Lafayette Avenue, Brooklyn, New York, 11238, has been engaged in providing cleaning services to other businesses and government agencies.

(b) Annually, Respondent, in the course and conduct of its business, performed services described above in paragraph (a) valued in excess of $50,000 for the New York City Human Resources Administration, an instrumentality of the City of New York which is in commerce.

(c) At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the Act.

(d) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e) At all material times, the following individuals held the positions set forth opposite their respective names and have

4

been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent, acting on its behalf:

Robert Campbell          Owner

James Blackwell          Vice President of Operations

(f) The housekeeping employees employed by the Employer at 330 West 34th Street in New York, NY, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act.

(g) About June 28, 2007, Respondent acquired the contract of Triangle Corporation, herein called Triangle, to provide cleaning services to the New York City Human Resources Administration site, at the location described above in subparagraph (f), hereinafter called the HRA site, and since then has continued to operate the business of Triangle in essentially unchanged form.

(h) But for the conduct described below in subparagraph (l) and (m), Respondent would have employed as a majority of its employees individuals who were previously employees of Triangle.

(i) Based on the operations described above in subparagraph (g) and below in subparagraphs (j) and (k) and the conduct referred to above in subparagraph (h) and described below in subparagraphs (l) and (m), Respondent has continued as the employing entity and is a successor to Triangle.

(j) From about 2004, until on or about June 28, 2007, the Union had been the exclusive collective bargaining representative of the Unit employed by Triangle and during that period of time

5

the Union had been recognized as such representative by Triangle. This recognition was embodied in a collective bargaining agreement, effective from October 1, 2004 through December 31, 2007.

(k) From about 2004, based on the facts described above in subparagraph (j) and subparagraph (f) and Section 9(a) of the Act, the Union has been the designated exclusive collective-bargaining representative of the Unit.

(l) From about June 28, 2007 and continuing to date, Respondent refused to hire employees previously employed by Triangle in the Unit, including but not limited to:

| | |
|---|---|
| Neat Bekteshi | Danuta Strohbach |
| Sabaeta Nikovich | Arta Rrukaj |
| Bioscar Roque | Petrit Mulladauti |
| Arben Ostreni | Aurel Culi |
| Kujtime Kadria | |
| Sofija Gacevic | |
| Engjellush Cami | |

(m) Respondent engaged in the conduct described above in subparagraph (l) because the employees in the Unit were members of and supported the Union and engaged in concerted activities, and in order to discourage employees from engaging in these activities.

(n) About July 2, 2007, the Union, by letter and verbally, requested that Respondent recognize it as the exclusive

6

collective-bargaining representative of the Unit and bargain collectively with the Union.

(o) Since about July 2, 2007, Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

(p) About July 2, 2007, Respondent implemented changes in the terms and conditions of employment of employees in the Unit, including but not limited to wages and benefits.

(q) The subjects set forth above in subparagraph (p) relate to wages, hours and other terms and conditions of employment of the Unit and are mandatory subjects for the purpose of collective bargaining.

(r) Respondent engaged in the conduct described above in subparagraph (p) without providing the Union with notice and an opportunity to bargain with Respondent with respect to this conduct and the effects of this conduct.

(s) By the conduct described above in subparagraphs (l) and (m), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(t) By the conduct described above in subparagraphs (n) through (r), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of the Unit within the meaning of

Section 8(d) of the Act, in violation of Section 8(a)(5) and (1) of the Act.

(u) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

7. Upon information and belief, it may fairly be anticipated that unless the aforesaid flagrant and egregious unfair labor practices are enjoined immediately Respondent will continue to engage in such conduct, or in similar or related conduct, and a serious flouting of the Act will continue, with the result that enforcement of the important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedure of a Board order and enforcement decree.

8. Upon information and belief, to avoid the serious consequences set forth above it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial and immediate injury to the public policies, Respondent's employees, and to the public interest in accordance with the purpose of Section 10(j) of the Act that, pending the final dispositions of the matters involved herein which are now pending before the Board, Respondent be enjoined and restrained as herein prayed.

9. No other or prior application has been made for the order or relief sought herein.

**WHEREFORE** Petitioner prays:

8

i. That the Court issue an Order directing Respondent to appear before this Court at a time and place fixed by the Court and show cause, if any there be, why an injunction should not issue, enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys and other persons acting in concert or participating with them, pending final disposition of the matters involved herein, which are now pending before the Board, from, in any manner or by an means:

    (a) Refusing to hire employees because of their membership in the Union;

    (b) Refusing to recognize and bargain in good faith with the Union as the exclusive collective bargaining representative of the employees at 330 West 34th Street;

    (c) Unilaterally changing employees' terms and conditions of employment without notice to or bargaining with the Union; and

    (d) In any other manner interfering with, restraining or coercing its employees in the rights guaranteed them under Section 7 of the Act.

ii. Petitioner further requests an affirmative order requiring Respondent, pending final Board adjudication, to

    (a) Within five (5) days of the issuance of the Court's Order, offer alleged discriminatees immediate and full interim reinstatement to their former positions of employment and working conditions at 330 West 34th Street in Manhattan, displacing, if necessary, any newly-hired, reassigned, and/or transferred employees and, in the event an insufficient number of positions exists to accommodate all the discriminatees, establish a preferential hiring list for such employees and, in a nondiscriminatory manner, offer priority employment exclusively from that list as job openings occur.

    (b) Upon request, recognize and bargain in good faith with the Union as the exclusive collective-bargaining representative of the Unit with respect to rates of pay, hours, and other terms and conditions of employment, to agreement or a bona fide impasse, and

9

if an understanding is reached, embody such understanding in a signed agreement;

(c)  At the Union's request, rescind any or all of the unilateral changes to Unit employees' terms and conditions of employment implemented at the 330 West 34th Street on or after July 2, 2007 or the date Respondent took over the janitorial contract;

(d)  Post copies of the District Court's opinion and order at 330 West 34th Street, in all locations where employee notices are customarily posted; said postings shall be maintained during the Board's administrative proceedings free from all obstructions or defacements; and agents of the National Labor Relations Board, Region 2 shall be granted reasonable access to the Respondent's facilities to monitor compliance with this posting requirement;

(e)  Within twenty (20) days of the issuance of the District Court's Order, file with the Court, with a copy submitted to the Regional Director of Region 2 of the National Labor Relations Board, a sworn affidavit from a responsible Respondent official setting forth with specificity the manner in which the Respondent has complied with the terms of this decree.

iii.  That upon return of such Order to Show Cause, the Court issue an Order enjoining and restraining Respondent in the manner set forth above.

iv.  That the Court grant such further and other relief as may be just and proper.

Dated at New York, New York,
February 22, 2008

Respectfully submitted,

*Rachel F. Preiser*

Rachel F. Preiser
Counsel for Petitioner
National Labor Relations Board
26 Federal Plaza, Room 3614
New York, New York 10278
Tel. (212) 264-0300
FAX (212) 264-2450

Ronald Meisburg, General Counsel
Barry J. Kearney, Associate General Counsel
Ellen A. Farrell, Deputy Associate General Counsel
Judith I. Katz, Assistant General Counsel
Karen P. Fernbach, Regional Attorney, Region 2
Donald B. Zavelo, Deputy Regional Attorney, Region 2