Rachel F. Preiser (RFP 7953)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278
(212)264-0300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------x
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

        Petitioner,  **08 CV 1808**

 -against-          08 Civ. _____

C & W CLEANING SERVICE,      J. _____

        Respondent.    ECF
------------------------------------------------x

[JUDGE LYNCH stamp]

## MOTION OF THE NATIONAL LABOR RELATIONS BOARD
## TO TRY PETITION FOR TEMPORARY INJUNCTION ON THE
## BASIS OF THE RECORD BEFORE THE ADMINISTRATIVE LAW JUDGE

  To the Honorable Judges of the United States District Court for the Southern District of the State of New York:

  The Petitioner moves the court to try the issues in this matter on the basis of the Administrative Law Judge Transcript and Exhibits and exhibits submitted by the Board and the Respondent rather than holding an evidentiary hearing. The Petitioner suggests that trying this case on the basis of the Administrative Law Judge Hearing Transcript and Exhibits can both expedite the proceeding and conserve the resources of the court and the parties.

  Section 10(j) of the Act authorizes United States district courts to grant temporary injunctions pending the Board's resolution of

unfair labor practice proceedings.  This provision embodies Congress' recognition that because the Board's administrative proceedings often are protracted, absent interim relief, a respondent in many instances could accomplish its unlawful objective before being placed under any legal restraint, and it could thereby render a final Board order ineffectual.  The legislative history is cited in *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 38 (2d Cir. 1975) and *Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union, I.L.G.W.U.*, 494 F.2d 1230, 1241 (2d Cir. 1974).  Section 10(j) was intended to prevent the potential frustration or nullification of the Board's remedial authority caused by the passage of time inherent in Board administrative litigation.  *Id.*

To resolve a Section 10(j) petition, a district court in the Second Circuit considers only two issues: whether there is "reasonable cause to believe" that a respondent has violated the Act and whether temporary injunctive relief is "just and proper."  *See Kaynard v. Palby Lingerie, Inc.*, 625 F.2d 1047, 1051 (2d Cir. 1980); *Kaynard v. MMIC, Inc.*, 734 F.2d 950, 953 (2d Cir. 1984).

In light of this statutory scheme, it is well settled that district courts in proceedings under Section 10(j) or 10(l)[1] are not called upon to finally determine the merits of the unfair labor practice charges, but should only evaluate the evidence to determine

---

[1] Section 10(l), 29 U.S.C. Section 160(l), the companion provision to Section 10(j), mandates that the NLRB seek a temporary injunction in district court after the preliminary investigation of a charge reveals reasonable cause to believe that a charged party has violated certain specified unfair labor practice provisions of the Act, e.g., union secondary boycotts.  *See, e.g., Hirsch v. Building and Construction Trades Council*, 530 F.2d 298, 302 (3d Cir. 1976).

whether the Regional Director has "reasonable cause" to believe that the respondent has violated the Act. See, e.g., *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1032-33 (2d Cir. 1980) (Sec. 10(j)); *Kobell v. United Paperworkers Int'l. Union*, 965 F.2d 1401, 1406-1407 (6th Cir. 1992) (Sec. 10(j)); *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 371-372 (11th Cir. 1992) (Sec. 10(j)); *Gottfried v. Sheet Metal Workers, Local No. 80*, 876 F.2d 1245, 1248 (6th Cir. 1989) (Sec. 10(l)); *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987) (Sec. 10(j)); *Lewis v. New Orleans Clerks & Checkers, I.L.A., Local No. 1497*, 724 F.2d 1109, 1114-15 (5th Cir. 1984) (Sec. 10(l)); *Boire v. Pilot Freight Carriers, Inc.*, 515 F. 2d 1185, 1191 (5th Cir. 1975), cert. denied 426 U.S. 934 (1976) (Sec. 10(j)); *Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1083-84 (3d Cir. 1984) (Sec. 10(j)); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d 953, 958-959 (1st Cir. 1983) (Sec. 10(j)); *Levine v. C & W Mining Co., Inc.*, 610 F.2d 432, 435 (6th Cir. 1979) (Sec. 10(j)).

Moreover, it is reversible error for a district court to go beyond this limited inquiry and to make findings on the ultimate merits of the charge. See *Kaynard v. Independent Routemen's Association*, 479 F.2d 1070, 1072 (2d Cir. 1973) (Sec. 10(l)); *Solien v. United Steelworkers of America*, 593 F.2d 82, 86-87 (8th Cir. 1979), cert. denied 444 U.S. 828 (Sec. 10(l)); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d at 958-959 (Sec. 10(j)).

The district court is thus not called upon to resolve disputed issues of fact or the credibility of witnesses; this function is reserved exclusively for the Board in the underlying administrative proceeding. See *Kaynard v. Palby Lingerie*, 625 F.2d at 1052 n.5 ("Of

course, it remains for the Board to determine which description of events is most credible. We decide only that the record, for purposes of this § 10(j) proceeding, provides adequate support for the Regional Director's allegation"); *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1570, 1571 (7th Cir. 1996)(Sec. 10(j)), cert. denied 519 U.S. 1055 (1997); *Balicer v. I.L.A.*, 364 F. Supp. 205, 225-226 (D.N.J. 1973), affd. per curiam 491 F.2d 748 (3d Cir. 1973) (Sec. 10(l)); *Dawidoff v. Minneapolis Building & Construction Trades Council*, 550 F.2d 407, 411 (8th Cir. 1977) (Sec. 10(l)); *Local 450, International Union of Operating Engineers, AFL-CIO v. Elliott*, 256 F.2d 630, 638 (5th Cir. 1958) (Sec. 10(l)); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d at 546 (Sec. 10(l)); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d at 958-959 (Sec. 10(j)); *Kobell v. United Paperworkers Int'l. Union*, 965 F.2d at 1407 (Sec. 10(j)); *Fuchs v. Jet Spray Corp.*, 560 F. Supp. 1147, 1150-51 at n. 2 (D. Mass. 1983), affd. per curiam 725 F.2d 664 (1st Cir. 1983) (Sec. 10(j)).[2]

Indeed, it is settled that, in these preliminary proceedings, the court "should decline to grant [Section 10(j)] relief only if the NLRB's legal or factual premises are 'fatally flawed'." *Silverman v. J.R.L. Food Corp.*, 196 F.3d 334, 335 (2d Cir. 1999) (citations omitted). See also *Seeler v. The Trading Post, Inc.*, 517 F.2d 33, 36-37 (2d Cir. 1975) (Sec. 10(j)). Accord: *Arlook v. S. Lichtenberg & Co.*, 952 F.2d at 371-372 (Sec. 10(j)); *Kaynard v. Palby Lingerie,*

---

[2] See also, *Jaffee v. Henry Heide, Inc.*, 115 F. Supp. 52, 57 (S.D.N.Y. 1953); *Fusco v. Richard W. Kaase Baking Co.*, 205 F. Supp. 465, 476 (N.D. Ohio 1962); *Taylor v. Circo Resorts, Inc.*, 458 F. Supp. 152, 154 (D. Nev. 1978); *Hoffman v. Cross Sound Ferry Service, Inc.*, 109 LRRM 2884, 2887 (D. Conn. 1982) (all Sec. 10(j) cases).

*Inc.*, 625 F.2d 1047, 1051 (2d Cir. 1980) (Sec. 10(j)); *Hendrix v. Operating Engineers, Local 571*, 592 F.2d 437, 442 (8th Cir. 1979) (Sec. 10(l)); *Levine v. C & W Mining Co., Inc.*, 610 F.2d at 435 (Sec. 10(j)); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d at 958-959 (Sec. 10(j)); *Kobell v. Suburban Lines, Inc.*, 731 F.2d at 1084 (Sec. 10(j)); *Humphrey v. International Longshoremen's Association*, 548 F.2d 494, 498 (4th Cir. 1977) (Sec. 10(l)).

Because "the Regional Director's version of the facts should be sustained if within the range of rationality, [] inferences from the facts should be drawn in favor of the [Regional Director], and [] even on issues of law, the district court should be hospitable to the views of the General Counsel, however novel," *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1031 (2d Cir. 1980), Petitioner must meet only a relatively insubstantial burden of proof.[3] It is therefore not necessary for a district court to hold a full evidentiary hearing to enable it to conclude whether "reasonable cause" has been established. *See Gottfried v. Samuel Frankel*, 818 F.2d at 493 and 494 (Sec. 10(j)); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d at 546 (Sec. 10(l)). *See also Aguayo v. Tomco Carburetor Co.*, 853 F.2d 744, 750-751 (9th Cir. 1988).

In view of the foregoing, the weight of judicial authority holds that it is proper for a district court to base its "reasonable cause" determinations in Section 10(j) and 10(l) cases upon evidence presented in the form of affidavits. See *Sharp v. Webco Industries, Inc.*, 225 F.3d 1130, 1134 (10th Cir. 2000)(affidavits); *Aguayo v.*

---

[3] *Kobell v. Suburban Lines, Inc.*, 731 F.2d at 1084; *Levine v. C & W Mining Co.*, 610 F.2d at 435; *Gottfried v. Frankel*, 818 F.2d at 493.

*Tomco Carburetor Co.*, 853 F.2d at 750-751; *Dunbar v. Landis Plastics, Inc.*, 996 F.Supp. 174, 178 (N.D.N.Y. 1998) (evidentiary hearing unnecessary; injunction could be granted on basis of affidavits), remanded 152 F.3d 197 (unpublished opinion; district court should reconsider injunction in light of subsequently issued ALJ opinion). Accord: *Gottfried v. Frankel*, 818 F.2d at 493 (combination of affidavits and ALJ transcript); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d at 546 (affidavits); *Kennedy v. Teamsters, Local 542*, 443 F.2d 627, 630 (9th Cir. 1971) (same); *Squillacote v. Automobile, Aerospace & Agricultural Implement Workers*, 383 F. Supp. 491, 493 (E.D. Wis. 1974) (same).[4] *A fortiori*, reasonable cause determinations can also properly be based upon the transcript of sworn testimony given before an NLRB administrative law judge, subject to cross-examination, in the underlying administrative proceeding. See *Silverman v. JRL Food Corp.*, 196 F.3d 334 (2d Cir. 1999)(ALJ transcript); *Gottfried v. Frankel*, 818 F.2d at 493; *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 25-26 (1st Cir. 1979) (the use of an ALJ transcript "could be of considerable assistance in expediting the work of the [district] court."); *Eisenberg v. Honeycomb Plastics Corp.*, 125 LRRM 3257, 3262 (D. N.J. 1987); *cf. Silverman v. Imperia Foods, Inc.*, 646 F. Supp. 393, 397 (S.D.N.Y. 1986) ("the reasonable cause standard does not require the Board to adduce evidence to the extent required in a full hearing on the merits").

---

[4] See generally *F.T.C. v. Rhodes Pharmacal Co.*, 191 F.2d 744 (7th Cir. 1951); *U.S. v. Wilson Williams, Inc.*, 277 F.2d 535 (2d Cir. 1960); *Johnston v. J.P. Stevens & Company, Inc.*, 341 F.2d 891 (4th Cir. 1965).

Finally, neither Rule 43(e) nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony in this type of statutory, temporary injunction proceeding, *Kennedy v. Sheet Metal Workers*, 289 F. Supp. 65, 87-91 (C.D. Cal. 1968),[5] and such procedures do not deny a fair hearing or due process to the Respondent. See *Aguayo v. Tomco Carburetor Co.*, 853 F.2d at 750-751; *Asseo v. Pan American Grain Co.*, 805 F.2d at 25-26; *Gottfried v. Frankel*, 818 F.2d at 493; *Kennedy v. Teamsters, Local 542*, 443 F.2d at 630; *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d at 546. Cf. *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 263-64, 107 S.Ct. 1740 (1987) (Secretary of Labor may order temporary reinstatement of unlawfully discharged employee pending full administrative hearing; not a denial of due process to deny respondent full evidentiary hearing at preliminary stage).

In sum, submission of this Section 10(j) matter on the record developed in the hearing before the Administrative Law Judge, including both transcripts of sworn testimony and the exhibits submitted by Petitioner and Respondent, will avoid the delay inherent in scheduling and conducting a full evidentiary hearing, will avoid duplicative litigation, will facilitate a speedy decision, and will conserve the time and resources of the court and the parties. Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Section 1657 and the original intent of the 1947 Congress which enacted Section 10(j). See I

---

[5] There is nothing in the texts of Section 10(j) and 10(l) that mandates oral testimony in these proceedings. See *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d at 546.

*Legislative History LMRA 1947* 414, 433 (Government Printing Office 1985).

Dated:     New York, New York
           Feburary 22, 2008

                                         Respectfully submitted,

                                         */s/ Rachel F. Preiser*
                                         Rachel F. Preiser
                                         Counsel for Petitioner
                                         26 Federal Plaza, Room 3614
                                         New York, New York  10278
                                         Telephone:  (212) 264-0300

Ronald Meisburg, General Counsel
Barry J. Kearney, Associate General Counsel
Ellen A. Farrell, Deputy Associate General Counsel
Judith I. Katz, Assistant General Counsel
Karen P. Fernbach, Regional Attorney
Donald B. Zavelo, Deputy Regional Attorney, Region 2