Rachel F. Preiser (RFP 7953)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278
(212)264-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

                 Petitioner,

  -against-

C & W CLEANING SERVICE, INC.,

                 Respondent.
------------------------------------------------x

JUDGE LYNCH

08 CV 1808

08 Civ. _____

J. _____

ECF

**PETITIONER'S BRIEF IN SUPPORT OF MOTION OF THE NATIONAL LABOR
RELATIONS BOARD TO TRY PETITION FOR TEMPORARY INJUNCTION
ON THE BASIS OF THE RECORD BEFORE THE ADMINISTRATIVE LAW JUDGE**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................... 1
II.  ARGUMENT ........................................................ 2
  A. The Nature of a Section 10(j) Injunctive Proceeding ............ 2
  B. The Standards for Granting a Section 10(j) Injunction .......... 4
    1. "Reasonable Cause" ........................................... 5
    2. "Just and Proper" ............................................ 7
  C. The Court May Properly Base its "Reasonable Cause" Determination
  on the Administrative Record...................................... 8
III.    CONCLUSION ................................................... 12

**TABLE OF AUTHORITIES**

FEDERAL CASES

Angle v. Sacks, 382 F.2d 655 (10th Cir. 1967) ........................ 8
Arlook v. S. Lichtenberg & Co., Inc., 952 F.2d 367 (11th Cir. 1992). 4, 5, 7, 10
Asseo v. Pan American Grain Co., 805 F.2d 23 (1st Cir. 1986) ..... 9, 10
Barbour v. Central Cartage, Inc., 583 F.2d 335 (7th Cir. 1978) ....... 3
Boire v. International Brotherhood of Teamsters, 479 F.2d 778 (5th Cir. 1973) ............................................................. 3
Boire v. Pilot Freight Carriers, Inc., 515 F. 2d 1185 (5th Cir. 1975), cert. denied 426 U.S. 934 (1976) .................................. 6, 8
Brock v. Roadway Express, Inc., 481 U.S. 252 (1987) ................. 11
Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union, I.L.G.W.U., 494 F.2d 1230 (2d Cir. 1974) .................... 8
Eisenberg v. Honeycomb Plastics Corp., 125 LRRM 3257 (D.N.J. 1987)... 9
Fuchs v. Hood Industries, Inc., 590 F.2d 395 (1st Cir. 1979) ......... 9
Gottfried v. Frankel, 818 F.2d 485 (6th Cir. 1987) .............. passim
Gottfried v. Sheet Metal Workers, Local No. 80, 876 F.2d 1245 (6th Cir. 1989) ........................................................... 5
Harvey Aluminum v. NLRB, 335 F.2d 749 (9th Cir. 1964) ............... 12
Kaynard v. Independent Routemen's Association, 479 F.2d 1070 (2d Cir. 1973) ...................................................... 3, 5, 6, 7
Kaynard v. Mego Corp., 633 F.2d 1026 (2d Cir. 1980) ............... 5, 7
Kaynard v. MMIC, Inc., 734 F.2d 950 (2d Cir. 1984) ................... 5
Kaynard v. Palby Lingerie, Inc., 625 F.2d 1047 (2d Cir. 1980) .. 5, 6, 9
Kennedy v. Sheet Metal Workers, 289 F. Supp. 65 (C.D. Cal. 1968).... 12
Kobell v. Suburban Lines, Inc., 731 F.2d 1076 (3d Cir. 1984).. 3, 6, 7, 10
Kobell v. United Paperworkers Int'l. Union, 965 F.2d 1401 (6th Cir. 1992) ............................................................. 5
Levine v. C & W Mining Co., Inc., 610 F.2d 432 (6th Cir. 1979) ....... 6
Lewis v. New Orleans Clerks & Checkers, I.L.A., Local No. 1497, 724 F.2d 1109 (5th Cir. 1984) .......................................... 6
Maram v. Universidad Interamericana de Puerto Rico, Inc., 722 F.2d 953 (1st Cir. 1983) .................................................. 6, 7
Marathon Oil Co. v. EPA, 564 F.2d 1253 (9th Cir. 1977) ........... 4, 10
Marmon v. Califano, 459 F. Supp. 369 (D. Mont. 1978) ............. 4, 10
NLRB v. Acker Industries, Inc., 460 F.2d 649 (10th Cir. 1972) ........ 4
NLRB v. Electro-Voice, Inc., 83 F.3d 1559 (7th Cir. 1996) ............ 7
NLRB v. Johnson, 310 F.2d 550 (6th Cir. 1962) .................... 4, 10
San Francisco-Oakland Newspaper Guild v. Kennedy, 412 F.2d 541 (9th Cir. 1969) ......................................................... 6
Seeler v. Trading Port, Inc., 517 F.2d 33 (2d Cir. 1975).... 2, 6, 7, 8
Silverman v. JRL Food Corp., 196 F.2d 334 (2d Cir. 1999) ............. 9
Squillacote v. Graphic Arts International Union, 540 F.2d 853 (7th Cir. 1976) ........................................................... 11

CASES

*Inland Shoe*, 211 NLRB 724 (1974).................................... 12
*Innovative Communications Corp.*, 333 NLRB 665 (2001)................. 9

I.     **INTRODUCTION**

Petitioner, National Labor Relations Board (herein Board), submits this brief to address the issue of the scope of the hearing that should be held before this Court in the instant Section 10(j) injunctive proceeding, 29 U.S.C. Sec. 160(j). On February 21, 2008, Petitioner filed a motion to try the complaint and petition for temporary injunction in this proceeding on the basis of the record before the Administrative Law Judge ("ALJ").

On February 8 and 11, 2008, a hearing regarding the allegations of the administrative complaint, including amendments thereto made during the hearing, was held before Administrative Law Judge Eleanor MacDonald. Petitioner and Respondent were given the opportunity to and did present testimony and other evidence and cross-examine witnesses. (A copy of the transcript and the exhibits adduced in the hearing are attached to the Petition as Exhibit A.) Accordingly, Petitioner believes that Respondent should be able to file expeditiously with the Court legal memoranda containing citations to the administrative record, and that any oral argument necessary to assist the Court in deciding the merits of the petition should be held as soon as practicable thereafter.

Petitioner believes that Respondent is not entitled to a hearing *de novo* before the Court concerning whether the Regional Director has "reasonable cause to believe" that the Respondent has violated the National Labor Relations Act as alleged in the administrative complaint now pending before the Board. It is Petitioner's position

that only the administrative record created in the underlying unfair labor practice proceeding should be used by the Court to make a determination of "reasonable cause," as the subject matters of such an inquiry are fully addressed therein and constitute the best evidence for the limited issues before the Court.

## II.   ARGUMENT

### A.   The Nature of a Section 10(j) Injunctive Proceeding

The nature of the instant cause of action before the Court is a statutorily limited proceeding for temporary injunctive relief under section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. Section 160(j) ("The Act").[1]  Section 10(j) of the Act authorizes United States district courts to grant temporary injunctions to remedy ongoing unfair labor practices pending the Board's resolution of unfair labor practice proceedings.  This provision embodies Congress' recognition that because the Board's administrative proceedings often are protracted, absent interim relief a respondent in many instances could accomplish its unlawful objective before being placed under any legal restraint, and it could thereby render a final Board order ineffectual.  *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 38 (2d Cir. 1975).

---

[1] Section 10(j) of the National Labor Relations Act provides:

> The Board shall have power, upon issuance of a Complaint as provided in subsection (b) [of this section] charging that any person has engaged in unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for

2

In this proceeding, the Court is not called upon, and in fact has no jurisdiction, to resolve the merits of the underlying dispute, that is, whether Respondent has in fact committed the alleged unfair labor practices. That function is reserved exclusively for the National Labor Relations Board under Section 10(a) of the Act, 29 U.S.C. Section 160(a), subject to limited appellate review by the courts of appeals pursuant to Section 10(e) or (f) of the Act, 29 U.S.C. Section 160(e) or (f). *See, e.g., Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1083 (3d Cir. 1984); *Boire v. International Brotherhood of Teamsters*, 479 F.2d 778, 792 (5th Cir. 1973). Rather, since Petitioner's requested injunctive relief is ancillary in nature, and lasts only during the time the administrative case is pending before the Board,[2] the Court's inquiry is limited to a determination whether the conflicting evidence, viewed in the light most favorable to Petitioner, could ultimately be resolved by the Board in favor of Petitioner. *See Kaynard v. Independent Routemen's Association*, 479 F.2d 1070, 1071 (2d Cir. 1973) (in proceedings under Sec. 10(l), "the [c]ourt below committed reversible error in not limiting itself…to whether…there was reasonable cause for the Regional Director to find a

---

appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant the Board such temporary relief or restraining order as it deems just and proper.

[2] *See Barbour v. Central Cartage, Inc.*, 583 F.2d 335 (7th Cir. 1978) (10(j) decree terminates by operation of law upon issuance of Board's final administrative order).

3

violation…but rather finding on the merits that there was no violation"); *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 371 (11th Cir. 1992); *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987).

Therefore, a Section 10(j) injunction hearing has a limited evidentiary scope and purpose. It is not intended to determine which litigant should ultimately prevail on the merits of the administrative case before the Board. Further, the requisite proof on the basic issues in the administrative hearing is more exacting than in a Section 10(j) injunctive hearing. The district court's findings in the Section 10(j) proceeding are only effective to the extent that they support the granting or denial of interlocutory relief. *NLRB v. Acker Industries, Inc.*, 460 F.2d 649, 652 (10th Cir. 1972) (result in 10(j) litigation not binding upon Board in underlying administrative proceeding). Once the record before the Administrative Law Judge has been closed, the Board will not and cannot consider any other evidence in making a determination on the merits of the unfair labor practice allegations, consistent with the Administrative Procedure Act, 5 U.S.C. Section 556(e)(1998). *See also NLRB v. Johnson*, 310 F.2d 550, 552 (6th Cir. 1962); *Marathon Oil Co. v. EPA*, 564 F.2d 1253, 1264 (9th Cir. 1977); *Marmon v. Califano*, 459 F. Supp. 369, 371 (D. Mont. 1978).

**B.   The Standards for Granting a Section 10(j) Injunction[3]**

The only issues before a district court in the Second Circuit in this type of ancillary injunction proceeding are whether there is

4

"reasonable cause to believe" that Respondent has violated the Act, and whether Petitioner's requested temporary injunctive relief is "just and proper" pending final Board adjudication of the administrative proceeding. *See Kaynard v. MMIC, Inc.*, 734 F.2d 950 (2d Cir. 1984); *Kaynard v. Palby Lingerie, Inc.*, 625 F.2d 1047, 1051 (2d Cir. 1980).

### 1. "Reasonable Cause"

In determining whether there is reasonable cause to believe that the Act has been violated, a United States District Court in the Second Circuit may not decide the ultimate merits of the case. Rather, the merits of the unfair labor practice allegations are to be resolved solely by the Board. *Kaynard v. Independent Routemen*, 479 F.2d at 1071. It is well settled that district courts in proceedings under Section 10(j) are not called upon to finally determine the merits of the unfair labor practice charges, but should only evaluate the evidence to determine whether the Regional Director has "reasonable cause" to believe that the respondent has violated the Act. *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1032-33 (2d Cir. 1980) (Sec. 10(j)); *Kobell v. United Paperworkers Int'l. Union*, 965 F.2d 1401, 1406-1407 (6th Cir. 1992) (Sec. 10(j)); *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 371-372 (11th Cir. 1992) (Sec. 10(j)); *Gottfried v. Sheet Metal Workers, Local No. 80*, 876 F.2d 1245, 1248 (6th Cir. 1989) (Sec. 10(l)); *Gottfried v. Frankel*, 818 F.2d 485, 493

---

[3] In the Second Circuit, the standards for deciding whether to grant injunctive relief are the same under Sections 10(j) and 10(l) of the Act.

5

(6th Cir. 1987) (Sec. 10(j)); *Lewis v. New Orleans Clerks & Checkers, I.L.A., Local No. 1497*, 724 F.2d 1109, 1114-15 (5th Cir. 1984) (Sec. 10(l)); *Boire v. Pilot Freight Carriers, Inc.*, 515 F. 2d 1185, 1191 (5th Cir. 1975), cert. denied 426 U.S. 934 (1976) (Sec. 10(j)); *Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1083-84 (3d Cir. 1984) (Sec. 10(j)); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 544-45 and n. 3 (9th Cir. 1969) (Sec. 10(l)); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d 953, 958-959 (1st Cir. 1983) (Sec. 10(j)); *Levine v. C & W Mining Co., Inc.*, 610 F.2d 432, 435 (6th Cir. 1979) (Sec. 10(j)). To sustain this burden, the Regional Director need only introduce evidence sufficient to demonstrate "a reasonable possibility that the Board will sustain the unfair labor practice charge." *Kaynard v. Independent Routemen's Association*, 479 F.2d 1070, 1072 (2d Cir. 1973).

The burden of establishing reasonable cause consists of two branches. The Regional Director must put forth a legal theory, be it implicit or explicit, that should be sustained by the court unless convinced that it is wrong; and second, giving the benefit of the doubt to the Regional Director, there must be sufficient evidence to support that theory. *Kaynard v. Palby Lingerie, Inc.*, 625 F.2d 1047, 1051 (2d Cir. 1980); *Frankel*, 818 F.2d at 493; *Suburban Lines, Inc.*, 731 F.2d at 1084. Because "the Regional Director's version of the facts should be sustained if within the range of rationality, [] inferences from the facts should be drawn in favor of the [Regional

---

*Seeler v. The Trading Port, Inc.*, 517 F.2d 33, 36 n.5 (2d Cir. 1975).

6

Director], and [] even on issues of law, the district court should be hospitable to the views of the General Counsel, however novel," *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1031 (2d Cir. 1980), Petitioner must meet only a relatively insubstantial burden of proof. The district court is thus not called upon to resolve disputed issues of fact or the credibility of witnesses; this function is reserved exclusively for the Board in the underlying administrative proceeding. *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1570, 1571 (7th Cir. 1996). Furthermore, it is reversible error for a district court to go beyond this limited inquiry and to make findings on the ultimate merits of the charge. *Kaynard v. Routemen's Assoc.*, 479 F.2d at 1072; *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d 953, 958-959 (1st Cir. 1983). The district court may not decide whether to issue relief based on its own belief as to whether an unfair labor practice has been committed. *Suburban Lines, Inc.*, 731 F.2d at 1083. It is well settled that, in these preliminary proceedings, the courts should give the Regional Director's version of the disputed facts the "benefit of the doubt," and should accept the reasonable inferences he draws therefrom if they are "within the range of rationality." *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 36-37 (2d Cir. 1975); *Lichtenberg*, 952 F.2d at 371-372.

### 2. "Just and Proper"

For the Court to determine a Section 10(j) injunction is "just and proper," the circumstances of the case must demonstrate that there exists a probability that the purposes of the Act will be frustrated

7

unless temporary relief is granted. *Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union, I.L.G.W.U.*, 494 F.2d 1230, 1241 (2d Cir. 1974). Injunctive relief is proper when the circumstances of a case create a reasonable apprehension that the efficacy of the Board's final order may be nullified or the administrative procedures will be rendered meaningless in the absence of interim relief. *Id.*; *Seeler v. the Trading Port, Inc.*, 517 F.2d 33, 38 (2d Cir. 1980). The district court is afforded a certain range of equitable discretion in making the "just and proper" determination. *See Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1189 (5th Cir. 1975), *cert. denied* 426 U.S. 934 (1976). The burden is on Petitioner to show that there is a reasonable apprehension that the purposes of the Act will be defeated absent interim relief. *See Angle v. Sacks*, 382 F.2d 655, 660 (10th Cir. 1967). Finally, preservation and restoration of the status quo are appropriate considerations in granting a Section 10(j) injunction. *Id.*

These questions are addressed fully in Petitioner's brief on the merits of the request for interim injunctive relief, and the Court is respectfully referred there for those arguments.

### C. The Court May Properly Base its "Reasonable Cause" Determination on the Administrative Record

In view of the Regional Director's relatively insubstantial burden of proof, it is not necessary for a district court to hold a full, evidentiary hearing to enable it to conclude whether "reasonable cause" has been established. *See Silverman v. JRL Food Corp.*, 196

8

F.2d 334 (2d Cir. 1999). Reasonable cause determinations can thus properly be based upon the transcript of sworn testimony given before a NLRB Administrative Law Judge, subject to cross examination, in the underlying administrative proceeding. See *Frankel*, 818 F.2d at 493 (upheld grant of 10(j) injunction based upon use of partially completed ALJ hearing transcript, supplemented by affidavits); *Fuchs v. Hood Industries, Inc.*, 590 F.2d 395, 398 (1st Cir. 1979) (the use of an ALJ transcript "could be of considerable assistance in expediting the work of the [district] court."); *Eisenberg v. Honeycomb Plastics Corp.*, 125 LRRM 3257, 3262 (D.N.J. 1987)(district court utilized the administrative record to determine reasonable cause and granted the parties leave to supplement the record with evidence relevant to the issue of whether the injunctive relief sought was just and proper).[4]

As discussed above, it is important to note that the Board, which will make ultimate findings of fact in this labor dispute, as well as the reviewing appellate tribunals, are limited to the testimony and other evidence adduced in the administrative record. Neither the Board nor the reviewing courts can rely upon evidence outside of the official record. See 5 U.S.C. Sec. 556(e). See also *Innovative Communications Corp.*, 333 NLRB 665, n.2 (2001)(Board refused to

---

[4] In *Kaynard v. Palby Lingerie, Inc.*, 625 F.2d 1047, 1050-51 (2d Cir. 1980), the Second Circuit affirmed a Section 10(j) injunction issued by a district court on the basis of the transcript and exhibits adduced before the administrative law judge in the underlying administrative proceeding. In *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 25-26 (1st Cir. 1986), the First Circuit affirmed a Section 10(j) injunction based upon a partially completed ALJ hearing transcript, supplemented by live testimony before the district court.

consider documents entered in related 10(j) proceeding but not made part of administrative record); *Johnson*, 310 F.2d at 552; *Marathon Oil Co.*, 564 F.2d at 1264; *Marmon*, 459 F. Supp. at 371. Therefore, any new testimony or other evidence on "reasonable cause" created after the close of the administrative hearing is irrelevant to the merits of the unfair labor practice allegations and cannot be considered by the Board in the ultimate resolution of the underlying administrative case. Thus, the admission of additional "reasonable cause" evidence by the Court in this Section 10(j) proceeding could not assist the Court in determining whether the Board could reasonably sustain the allegations of the General Counsel's unfair labor practice complaint. *See Lichtenberg*, 952 F.2d at 372-373. In fact, this Court's reliance on "new" evidence could hinder its ability to make this determination, as such evidence will never get before the Board in the unfair labor practice proceeding. In sum, there is simply no justification to permit a respondent to, in essence, re-litigate the unfair labor practice case before the district court. The "reasonable cause" standard under Section 10(j) "bars the district court from behaving as if it had general jurisdiction over the nation's labor laws." *Suburban Lines, Inc.*, 731 F.2d at 1083.

Finally, a district court's failure to hold an evidentiary hearing does not deny a fair hearing or due process to the Respondent. *See Frankel*, 818 F.2d at 493; *Pan American Grain*, 805 F.2d at 25-26; *Squillacote v. Graphic Arts International Union*, 540 F.2d 853, 860 (7th

Cir. 1976). *Cf. Brock v. Roadway Express, Inc.*, 481 U.S. 252, 263-64 (1987) (Secretary of Labor may order temporary reinstatement of unlawfully discharged employee pending full administrative hearing; not a denial of due process to deny respondent full evidentiary hearing at preliminary stage). Since the Court is not permitted to resolve conflicts in the evidence, a "complete" story is not necessary to make a reasonable cause determination. *See Frankel*, 818 F.2d at 493. Accordingly, district courts do not abuse their discretion in denying a respondent's request for a full evidentiary hearing. *Id.*

Furthermore, in the instant case the unfair labor practice "story" is complete because there has been a full evidentiary hearing before the Board's Administrative Law Judge at which Respondent had every opportunity to present its case. Respondent had the opportunity to cross-examine all of the Board's witnesses and to present its own. In addition, pursuant to Board Rule 102.118(b)(1), 29 C.F.R. Section 102.118(b)(1)(1998),[5] the Board's *Jencks* (353 U.S. 657 (1957)) rule,[6] Respondent had an opportunity to examine the pre-trial affidavits of all General Counsel witnesses before commencing its cross-examination.

---

[5] The relevant portion of the Rule reads as follows:

> [A]fter a witness called by the General Counsel ... has testified ... the administrative law judge shall, upon motion of the respondent, order the production of any statement of such witness in the possession of the General Counsel which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the administrative law judge shall order it to be delivered directly to the respondent for his examination and use for the purpose of cross-examination.

11

Given these circumstances, there is no denial of due process if Respondent is prohibited from introducing new evidence as to "reasonable cause" issues before the district court.

Finally, it should be noted that neither Rule 43 nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony in this statutory temporary injunction proceeding. *See Kennedy v. Sheet Metal Workers*, 289 F. Supp. 65, 87-91 (C.D. Cal. 1968). Likewise, there is nothing in the text of Section 10(j) which mandates oral testimony in this proceeding.

### III.    CONCLUSION

In sum, submission of this Section 10(j) matter regarding "reasonable cause" issues on the transcript of the testimony and exhibits adduced in the administrative proceeding will avoid the delay inherent in scheduling and conducting a full evidentiary hearing, will avoid duplicative litigation, will facilitate a speedy decision, will ensure that the Court bases its "reasonable cause" determinations on the same record which the Board and reviewing courts will evaluate, and will conserve the time and resources of the Court and the parties. Such procedure fully comports with ample case authority as well as the statutory priority that should be given to this proceeding under 28

---

[6] *See also Harvey Aluminum v. NLRB*, 335 F.2d 749 (9th Cir. 1964); *Inland Shoe*, 211 NLRB 724, n. 3 (1974).

12

U.S.C. Section 1657(a) (1998)[7] and the original intent of the 1947 Congress which enacted Section 10(j). See I Legislative History LMRA 1947 414, 433 (Government Printing Office 1985).

Dated:   New York, New York
         February 22, 2008

>                                Respectfully submitted,
>
>                                /s/ Rachel F. Preiser
>                                Rachel F. Preiser
>                                Counsel for Petitioner
>                                National Labor Relations Board
>                                26 Federal Plaza, Room 3614
>                                New York, New York 10278
>                                Tel. (212) 264-0300
>                                FAX (212) 264-2450

Ronald Meisburg, General Counsel
Barry J. Kearney, Associate General Counsel
Ellen A. Farrell, Deputy Associate General Counsel
Judith I. Katz, Assistant General Counsel
Karen P. Fernbach, Regional Attorney, Region 2
Donald B. Zavelo, Deputy Regional Attorney, Region 2

---

[7] 28 U.S.C. Section 1657(a) provides:

Section 1657. Priority of Civil Actions

(a)   Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, *any action for temporary or preliminary injunctive relief* … (emphasis added).