Stewart Lee Karlin
Attorney at Law
Attorney for Respondent
9 Murray Street, Suite 4W
New York, New York, 10007
Tel: (212) 732-9450
Fax: (212) 571-9893

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the National Labor
Relations Board,

                Petitioner,

                                                    08 CIV 1808 (GEL)

     -against-


C & W CLEANING SERVICE, INC.,

                Respondent,

-----------------------------------------------------------X

### RESPONDENT'S ANSWER WITH AFFIRMATIVE DEFENSES

     Respondent C & W Cleaning Service Inc., by and through their undersigned counsel, serves this, their Answer, and Affirmative Defenses herein and states:

     1.     Respondent admits the allegations contained in paragraph numbered "1" in the Board's petition.

     2.     Respondent admits only that the Board is attempting to invoke the jurisdiction of this Court and denies all other allegations contained in paragraph numbered "2" in the Board's

petition.

3. Respondent admits that the charges were filed and a hearing was held and denies all other allegations contained in paragraph numbered "3" in the Board's petition.

4. Respondent admits the allegations contained in paragraph numbered "4" in the Board's petition.

5. Respondent admits the allegations contained in paragraph numbered "5" in the Board's petition.

6. Respondent denies the allegations contained in paragraph numbered "6, "6(g)", "6(h)", "6(i)", "6(k)(1)", "6(m)",, "6(n)", "6(o)", "6(p)", "6(q)", "6(r)", "6(s)", "6(t)", "6(u)", in the Board's petition except admits "6(a)", "6(b)," '6(c)", "6(d)", "6(e)", "6(f)", :6(j)", "6(k)",

7. Respondent denies the allegations contained in paragraph numbered "7 in the Board's petition.

8. Respondent denies the allegations contained in paragraph numbered "8" in the Board's petition.

9. In connection with Addenum clause requesting relief, Respondent denies that the Board and the Union are entitled to any relief whatsoever.

### RESPONDENT'S DEFENSES AND AFFIRMATIVE DEFENSES

1. The petition fails to state a claim upon which relief can be granted.

2. The Union's claims in equity are barred by the Union's bad faith and unclean hands.

3. The Union and Board lost any right to injunctive relief due to waiver.

4. Manifest injustice and oppression will occur to Respondent if injunctive relief is granted.

5. This action is barred by the doctrine of laches.

6. Injunctive relief herein is void as against public policy.

7. At no point prior to July 2, 2007 was the Respondent aware that this job site had union workers. In fact, the Respondent had bid on countless jobs, over the years, and not once did the Respondent have any contact with a unionized workforce at any of the job sites. Due to the extraordinary short amount of time in which to get "up and running", the Respondent had a number of resumes on file, and received referrals from the New York State Department of Labor to fill eleven vacancies. On July 2, 2007, after the entire workforce had already been hired, for the first time, the Respondent became aware that the job site formerly had union workers. Thus, it is impossible for the Respondent to have had an anti union animus when it was unaware of a prior union work force.

8. The Union failed to convey a timely demand for bargaining.

9. Even if a timely demand for bargaining was made by the Union, it failed to convey its intentions clearly to Respondent.

10. Even if the Respondent had been aware of the Union, because the bid was won on a shoestring budget, and New York City law mandate the hiring of existing workers at more than $26,00 per hour, there would have been no realistic possibility of an agreement being reached with the Union and thus the union workers would not have been hired ant the same action would have been taken.

11. Upon information and belief, at least some of the union workers would not have qualified for the positions and thus would not have been hired.

12. Upon information and belief, at least some of the union workers have found other employment and thus the damages should be mitigated.

13. Upon information and belief, at least some of the union workers failed to mitigate their damages by seeking other employment.

WHEREFORE, Respondent respectfully requests that the petition be dismissed with prejudice, plus attorney's fees and cost for defending this frivolous action.

Dated: New York, New York
      March 3, 2008                    Respectfully submitted,


 s/Stewart Lee Karlin, Esq.
STEWART LEE KARLIN, ESQ.
Attorney for Respondent
9 Murray Street, Suite 4W
New York, New York, 10007
Tel: (212) 732-9450
Fax: (212) 571-9893

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing answer was sent via fax to (212) 264-2450 and first class mail and the ECF filing system to National Labor Relations Board, Region 2, 26 Federal Plaza, Room 3614, New York, N.Y. 10278 on this 3rd day of March, 2008.

    s/Stewart Lee Karlin, Esq.
STEWART LEE KARLIN, ESQ,